IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

RANGEWATER REAL ESTATE
A/A/F ENCLAVE AT OAK RIDGE,

    Plaintiff,

v.

MINTORA JACKSON,

    Defendant.

CIVIL ACTION NO.
1:24-cv-2522-JPB-CMS

## **ORDER**

This civil action stems from a dispossessory proceeding filed in the

Magistrate Court of Gwinnett County, Georgia, by Rangewater Real Estate a/a/f

Enclave at Oak Ridge ("Rangewater") against Mintora Jackson.  See [Doc. 3, p. 2].

Proceeding pro se, Jackson has filed in this Court a notice of removal [Doc. 1-1, p.

1] and an application for permission to proceed in forma pauperis ("IFP") [Doc. 1].

Having considered Jackson's affidavit of indigency, the Court **GRANTS** Jackson's

request to proceed IFP pursuant to 28 U.S.C. § 1915(a).  However, because

Jackson has not alleged a proper basis for removal, this action will be

**REMANDED** to the Magistrate Court of Gwinnett County, Georgia, for lack of

subject matter jurisdiction.

## I.      <u>Background</u>

This is the second time that Jackson has attempted to remove the same dispossessory action to this Court.  On March 22, 2024, Jackson filed a notice of removal of the dispossessory action filed in the Magistrate Court of Gwinnett County, Georgia.  <u>Rangewater Real Estate a/a/f Enclave at Oak Ridge v. Jackson</u>, N.D. Ga., Civil Action No. 1:24-cv-2522-JPB-CMS, Doc. 1-1.  After reviewing the notice of removal and the attachment, United States Magistrate Judge Catherine M. Salinas found that no federal question was presented on the face of the well-pleaded complaint and that there was no basis for finding that diversity jurisdiction existed.  Therefore, Magistrate Judge Salinas recommended that the dispossessory action be remanded for lack of subject matter jurisdiction.  <u>Id.</u>, Doc. 3.  Before the Court could act upon Magistrate Judge Salinas's recommendation, Jackson appealed to the United States Court of Appeals for the Eleventh Circuit.  <u>Id.</u>, Doc. 5.  On August 9, 2024, the Eleventh Circuit dismissed Jackson's appeal for want of prosecution.  <u>Id.</u>, Doc. 12.  On August 14, 2024, the Court approved and adopted Magistrate Judge Salinas's recommendation, and the dispossessory action was remanded to the Magistrate Court of Gwinnett County, Georgia.  <u>Id.</u>, Docs. 13, 14.

On August 1, 2024, while the appeal in the first removal action was pending, Jackson again removed the dispossessory proceeding to this Court "on grounds of

discrimination and unjust treatment." [Doc. 1-1, p. 1]. Jackson requests that this Court hear this matter and allow her a fair chance at a federal trial. Id. Jackson's second attempt to remove the dispossessory proceeding is improper.

## II.    Lack of Subject Matter Jurisdiction and Improper Removal

Having reviewed Jackson's notice of removal and the underlying state court pleading, which Magistrate Judge Salinas ordered Jackson to file, this Court finds that subject matter jurisdiction is lacking.

The Supreme Court has "often explained that '[f]ederal courts are courts of limited jurisdiction.'" Home Depot U.S.A., Inc. v. Jackson, 587 U.S. 435, 437 (2019) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). Jurisdiction is limited in the first instance by the Constitution, see U.S. CONST., art. III, § 2, and "lower federal-court jurisdiction 'is further limited to those subjects encompassed within a statutory grant of jurisdiction.'" Id. (quoting Ins. Co. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 701 (1982)). As relevant here, "Congress granted federal courts jurisdiction over two general types of cases: cases that 'aris[e] under' federal law, and cases in which the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties." Id. (quoting 28 U.S.C. § 1331 and citing 28 U.S.C. § 1332(a)).

3

"These jurisdictional grants are known as 'federal-question jurisdiction' and 'diversity jurisdiction,' respectively." Id.

"In addition to granting federal courts jurisdiction over certain types of cases, Congress has enacted provisions that permit parties to remove cases originally filed in state court to federal court." Home Depot, 587 U.S. at 438. For example, "the defendant or defendants in a state-court action over which the federal courts would have original jurisdiction [may] remove that action to federal court." Id. (quotation marks omitted). "To remove under [28 U.S.C. § 1441(a)], a party must meet the requirements for removal detailed in other provisions." Id. Among those requirements is that the defendant file "a notice of removal . . . containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant." 28 U.S.C. § 1446(a). The party seeking removal bears the burden of establishing that federal jurisdiction exists. See, e.g., Friedman v. New York Life Ins. Co., 410 F.3d 1350, 1353 (11th Cir. 2005). If the notice of removal, together with its attachments, does not satisfy that burden and "it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

As was the case when Jackson first attempted to remove this dispossessory action, Jackson's notice of removal does not establish that federal question

4

jurisdiction exists here because Rangewater asserted no federal claims in its dispossessory complaint.  It is axiomatic that "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).  "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Id.  And it is well-established that "a counterclaim . . . cannot serve as the basis for 'arising under' jurisdiction." Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 831 (2002).  Consequently, because Rangewater asserted no federal claims, this civil action may not be removed based on federal question jurisdiction, no matter what federal counterclaims or defenses Jackson now seeks to assert.  Jackson's attempt to argue that the dispossessory complaint is removable "on grounds of discrimination and unjust treatment" is unavailing.

Jackson also fails to show that diversity jurisdiction exists in this case. Diversity jurisdiction exists "[w]here the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs" and the action is between "citizens of different states."  28 U.S.C. § 1332(a).  Jackson makes no allegations

concerning the parties' respective citizenships in her notice of removal.  Even if diversity of citizenship existed, Jackson has not shown that the amount in controversy here exceeds $75,000.  Jackson, therefore, has not established that diversity jurisdiction exists in this case.

For the above reasons, Jackson has failed to meet her burden to establish that this Court has original jurisdiction.

## III.    Conclusion

Because Jackson has not established a basis for removal jurisdiction, it is hereby **ORDERED** that this civil action be remanded to the Magistrate Court of Gwinnett County, Georgia, pursuant to 28 U.S.C. § 1447(c).  Jackson's request to proceed IFP [Doc. 1] is **GRANTED** solely for the purpose of remand.  The Clerk is **DIRECTED** to close this case.

**SO ORDERED**, this 22nd day of August, 2024.

J. P. BOULEE
United States District Judge